**WOODS, Housing Expediter, v. GOLT et al.**
**Civ. A. No. 1148.**

United States District Court
D. Delaware.
June 28, 1950.

Nathan P. Michlin, Resident Attorney, Office of the Housing Expediter, Wilmington, Del., Cyril P. Pessolano, Chief, Rent Litigation Section, and Harold L. Wertheimer, Litigation Attorney, Office of the Housing Expediter, Upper Darby, Pa., for plaintiff.

W. Thomas Knowles, Knowles & Allmond, of Wilmington, Del., for defendants.

RODNEY, District Judge.

The complaint in this matter was filed August 11, 1948, and the matter has been unduly delayed. The present status may be concisely stated as follows. After certain intermediate proceedings, such as requests for admissions and interrogatories, a motion for summary judgment on the part of the plaintiff was filed September 28, 1948. On February 14, 1949, a stipulation executed by attorneys for both parties was filed which included all the material facts necessary for a determination of the matter then pending. This stipulation, it now appears, contains the statement, "that the following facts be considered by the court in its consideration of the plaintiff's motion for summary judgment." On July 21, 1949, the opinion of the court, D.C., 85 F.Supp. 667, was filed denying the plaintiff's motion for summary judgment and rather inviting a motion for summary judgment on the part of the defendant. This motion for summary judgment on the part of the defendant was filed August 19, 1949.

Subsequently the plaintiff contended that the stipulation of facts agreed to by it was, by its terms, restricted to a consideration of the motion for summary judgment as filed by the plaintiff and could not be used in the consideration of the motion made on behalf of the defendant.

The defendant filed an affidavit which had been used in connection with the stipulation of facts.

The plaintiff has filed an affidavit which, it is claimed, establishes an issue of fact as opposed to the facts set out in the stipu-

lation and relies upon the statement of the limited use of the stipulation as hereinbefore set out.

I have carefully examined all of the pertinent record of the case and am clearly of the opinion that a summary judgment in favor of the defendant should be granted. This is based upon two grounds.

1. I shall first consider the stipulation as filed in this case. The only issue before the court was whether a garage space separately rented to a tenant, Samuel Hearn, was a privilege or facility connected with the use or occupancy of a second floor apartment rented by him from the defendants at 2707 Market Street. The stipulation contained all facts necessary to a determination of that issue and the complete disposal of the matter by the court. It is true that the stipulation contained the statement that the facts be considered by the court in its consideration "of the plaintiff's motion for summary judgment." At that time such motion was the only motion before the court. There were no words indicative of an intent to exclude the stipulation as to any motion to be made by the defendant. There is no suggestion that the facts were colored or adjusted so as to be applicable only to a motion of the plaintiff and denied application to a motion by the defendant. Clearly, I was expected by the plaintiff to use the stipulation as a basis of a favorable judgment for the plaintiff. I am of the opinion that a stipulation of facts to be used in connection with a motion for summary judgment on behalf of the plaintiff should also be used in determining a similar motion on behalf of the defendant unless limited by plain and unambiguous language.

2. I must now consider briefly whether there is any substantial issue of fact which is controverted in this case. In this case it appears that the defendant owned three properties, 2705, 2707 and 2709 Market Street. This case concerns only the rental of the second floor apartment at 2707 Market Street. It is true that the stipulation of facts contained, by Item 4, a statement that "no tenant of any portion of the properties known as 2705, 2707 or 2709 Market Street had rented any of the garages until Mr. and Mrs. Hearn rented one of them in October of 1941," and possibly other provisions to that effect.

The only possible question of fact is raised by an affidavit filed by Jessie Hearn. In my opinion the affidavit raises no question of fact material in this case. The sole issue, as indicated, is whether a garage space rented to a tenant, Samuel Hearn, in 1941, was a privilege or facility connected with the use or occupancy of a second floor apartment at 2707 Market Street which had been rented and occupied by Hearn since 1939.

The affidavit of Mrs. Hearn expressly states: "In 1941 Mr. Hearn had purchased a car and had need for a garage. Mrs. Hearn was negotiating with the owner of a garage across the street when Mrs. Golt suggested that she take the garage of hers at a reduced rental. This Mrs. Hearn did." So far from raising any controverted question of fact the quoted portion of the affidavit has a direct tendency to remove any suggestion of it. The affidavit then continues and states that Mrs. Hearn knew of three former tenants of some of the properties other than that involved in this case who had also rented garages from the defendants.

In the first place no affidavit has been filed by any former tenant who rented both an apartment and a garage from the defendants. The affidavit of Mrs. Hearn seems largely to be based upon information which was purely of a secondary or hearsay nature. The hearsay or unsatisfactory nature of the affidavit of Mrs. Hearn may be indicated in one instance. She states that one Albert McLane rented both an apartment and a garage. The original lease of McLane as filed in this court, and as applicable to a property not directly involved in this case, bears a date of July 31, 1945, long subsequent to any term of the stipulation or any issue in this case.

More important, however, is the fact that no genuine issue in the case concerns the rental of any garage to any person other than Samuel Hearn. At the most the terms and conditions of the renting of a garage to any other person and at a different location would only be evidential in this case

and not in itself create a controverted and material issue of fact.

The motion of the defendant for a summary judgment is granted and the form of order as heretofore presented by the defendant will be signed.